UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ZIBERIA DALE a/k/a ZIBERIA CARERO, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:17-CV-171-JRG-HBG |
| SHAWN PHILLIPS, JOHN DOES 1-10, MICKEY JORDAN, CHERRY LINDAMOOD, and LEIGH STAGGS, ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On January 31, 2018, the Court entered a memorandum opinion and an order that screened Plaintiff's complaint and dismissed the claims therein arising out of the alleged attack on Plaintiff as time-barred [Docs. 5 and 6]. Now before the Court is Plaintiff's motion for relief from this dismissal under Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 7] in which Plaintiff asserts that his claims arising out of the attack are not time-barred, as he filed the complaint within a year of exhausting his administrative remedies as to those claims.

For the reasons set forth below, Plaintiff's motion for Rule 60(b) relief [Doc. 7] will be **GRANTED in part** only to the extent that the Court will **CORRECT** its memorandum opinion [Doc. 5] to reflect that the claims for which Plaintiff was exhausting his administrative remedies in the year prior to filing his complaint are not barred by the applicable statute of limitations. Fed. R. Civ. P. 60(a) (providing that a district court may correct a mistake arising from an oversight in a judgment or order whenever one is found). The Court will further **CORRECT** its memorandum opinion [*Id.*] to reflect that all of Plaintiff's claims against the John Doe Defendants are time-

barred due to Plaintiff's failure to amend the complaint to name them individually prior to expiration of the statute of limitations. *Id.* The Court will also **CORRECT** its memorandum opinion [*Id.*] to reflect that Plaintiff's claims that Defendants Phillips and Jordan failed to intervene in the alleged attack fail to state a claim upon which relief may be granted under § 1983. *Id.* The remainder of the Court's memorandum opinion [*Id.*] will remain unchanged.

The Court previously summarized Plaintiff's complaint in relevant part as follows:

> In his complaint, Plaintiff alleges that on April 13, 2016, the following events occurred:
>
> (1) various John Doe Defendants attacked and injured Plaintiff;
>
> (2) one or more John Doe Defendants placed Plaintiff in isolation without toiletries, bedroll, or bed linen;
>
> (3) one or more John Doe Defendants denied Plaintiff the ability to get medical attention for the injuries resulting from the attack;
>
> (4) one or more John Doe Defendants cut off Plaintiff's blood-soaked clothes to conceal evidence of the attack;
>
> (5) one or more John Doe Defendants denied Plaintiff dinner; and
>
> (6) one or more John Doe Defendants failed to intervene in the physical assault.
>
> [Doc. 2 at 8–9; Doc. 2-1 at 2–3]. Plaintiff also alleges that Defendant Phillips failed to train officers to file proper incident reports, that Defendant Jordan failed to take corrective action after learning of and watching Defendant John Does' attack on Plaintiff, Defendants Staggs and Lindamood denied Plaintiff an impartial and adequate grievance procedure, and that Defendants Phillips and Jordan failed to intervene in the physical assault on Plaintiff [*Id.*].

[*Id.* at 3]. While the Court originally dismissed Plaintiff's claims arising out of the alleged attack as time-barred due to Plaintiff filing his complaint more than one year after the alleged attack [*Id.* at 4], Plaintiff correctly asserts in his motion for relief from this dismissal that the statute of limitations for prisoner § 1983 claims is tolled during the time in which the prisoner is exhausting his administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Thus, as Plaintiff filed his complaint within one year of exhausting his administrative remedies as to some claims arising out of the alleged attack, his complaint is not time-barred as to those claims.

As set forth in the Court's previously-entered memorandum opinion, however, the applicable statute of limitations for Plaintiff's claims is one year [*Id.* at 4]. Further, it is apparent from the documents filed with the complaint that Plaintiff's final appeal of his grievance regarding some of the events in his complaint was denied on September 1, 2016 [Doc. 2 p. 6]. Thus, Plaintiff had one year from this date to file his claims arising out of the events set forth in the grievance. *Id.*

Plaintiff, however, did not seek to amend his complaint to name the John Doe Defendants within one year of September 1, 2016. Thus, Plaintiff's claims against the John Doe Defendants arising out of the events set forth in the complaint are barred by the statute of limitations. *See Cross v. City of Detroit*, No. 06-11825, 2008 WL 2858407, at *1 (E.D. Mich. July 23, 2008) (dismissing *sua sponte* and with prejudice the plaintiff's civil rights violation claim against a police officer the plaintiff had named as John Doe because the plaintiff "did not seek leave to amend the Complaint to name the John Doe defendant prior to the expiration of the statute of limitations"); *see also Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (holding that Rule 15(c) of the Federal Rules of Civil Procedure offers no remedy when, like here, plaintiff "simply did not know whom to sue or opted not to find out within the limitations period").

Moreover, Plaintiff did not set forth any allegation that Defendants Phillips and Jordan failed to intervene in the attack in the grievance that Plaintiff alleges tolled the statute of limitations [Doc. 2 p. 8–9]. Even if the Court assumes, however, that Plaintiff otherwise exhausted these claims in a manner that tolled the statute of limitations, Plaintiff's complaint does not contain any factual assertions from which the Court can plausibly infer that these Defendants were near to and/or had any knowledge of or opportunity to intervene in the attack before or when it occurred. To the contrary, Plaintiff's grievance regarding the attack specifically alleges only that correctional officers were present and/or participated in the attack [Doc. 2 p. 8–9]. Thus, Plaintiff's allegations that Defendants Phillips and Jordan failed to intervene in the attack are conclusory and fail to state a claim upon which relief may be granted under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Accordingly, Plaintiff's motion for relief under Rule 60(b) [Doc. 7] is **GRANTED** to the extent that:

1. The Court **CORRECTS** its memorandum opinion [Doc. 5] to reflect that the claims for which Plaintiff was exhausting his administrative remedies in the year prior to filing his complaint are not barred by the applicable statute of limitations;

2. The Court also **CORRECTS** its memorandum opinion [*Id.*] to reflect that all of Plaintiff's claims against the John Doe Defendants are time-barred due to Plaintiff's failure to amend the complaint to name them individually prior to expiration of the statute of limitations; and

3. The Court also **CORRECTS** its memorandum opinion [*Id.*] to reflect that Plaintiff's claims that Defendants Phillips and Jordan "failed to intervene" in the alleged attack are dismissed for failure to state a claim upon which relief may be granted under § 1983.

The remainder of the Court's memorandum opinion [*Id.*] is unchanged.

**SO ORDERED.**

**ENTER:**

                                              s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE